(Hamilton County, Ohio, Court of Common Pleas.)

## WM. R. KENDALL, v. WM. BLINN, ETC.

---

*Appeal from J. P. on counterclaim—*

Where plaintiff's claim is for not more than $20, and defendant files counterclaim for more than $20, defendant may appeal although the case was tried by a jury, and defendant is not required to submit his counterclaim to the jury.

Heard on motion to quash appeal from justice of the peace court, because the claim and recovery was less than $20.00, and tried by a jury.

BUCHWALTER, J.

Plaintiff claimed $10.00 deposit on a contract in the purchase of goods, which contract defendant refused to perform, and demanded trial by jury. Defendant filed a counterclaim, claiming $30.00 from plaintiff as balance of the purchase-price of said goods, and claimed the default was with plaintiff, and not with him.

The justice, on plaintiff's motion, struck defendant's cross-claim from the files, and dismissed his cause of action, because defendant did not register as a partnership under the act, 91 Ohio Laws, 357.

Thereafter trial proceeded to the jury on plaintiff's claim, and plaintiff recovered a verdict and judgment for $10.00 and costs against defendant.

Section 6562, Revised Statutes, provides: "If either the plaintiff or defendant, in his bill of particulars, claim more than twenty dollars, the case may be appealed to the court of common pleas; but if neither party demand a greater sum      *      *      *      and the case is tried by a jury, there shall be no appeal."

The defendant's claim was a proper counter-claim; the transcript also shows that it was set out with particularity, and in apparent good faith. It was filed and made the subject of issue for the jury trial demanded, but the justice denied defendant a trial by jury on it, and wrongfully struck the claim from the file. The defendant as sued by plaintiff, and

as styled in his counterclaim, had no partner, and was not a member of a partnership, and therefore not disqualified to sue by the registry act, 91 Ohio St. 357.

The counterclaim is not required to be submitted to the jury to authorize an appeal. It is enough that the defendant filed it and sought trial before the jury, which he would have had but for the judgment of the justice presiding at the trial. Chatfield & Woods v. Appleton & Co., 6 Bull. 327; Andrews v. Connelly, 6 Bull., 774; State ex rel. Argo v. Linn, 3 Bull., 428. Hamilton District Court cases considered.

Motion to quash appeal overruled.

L. H. Pummill, for the motion.

Burch & Johnson, contra.